### SOLOMON v. LIGHTE & BRO.

(Supreme Court, Appellate Term.   June 1, 1906.)

EVIDENCE—PAROL-EVIDENCE AFFECTING WRITING.

Where there is a written contract for the insertion of an advertisement of mineral waters in a newspaper for a period of one year, providing that no agreement or statement shall be recognized that is not set forth in writing in the contract, evidence of an oral agreement that the paper should not publish advertisements of other mineral waters is not competent.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2030.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by William J. Solomon against Lighte & Bro. From a judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Nathan Burkan, for appellant.

Maurice Fitz Gerald, for respondent.

GILDERSLEEVE, J. On September 14, 1905, one Lefkowitz, an advertising agent, called on defendant's officers and solicited an advertisement of defendant's mineral waters for plaintiff's newspaper, the Hebrew Standard. Defendant's duly authorized officer thereupon signed the following paper, viz.:

"To the Publishers of the Hebrew Standard: Please insert in the Hebrew Standard our advertisement, occupying 4 inches space, for a period of one year, for which we agree to pay the sum of two hundred and fifty dollars, payable monthly in advance.

"[Signed]　　　　　　　　　　　　　　　　Lighte & Bro.

"No agreement or statement recognized that is not set forth in writing in this contract."

The advertisement of defendant's mineral waters was duly inserted in the said newspaper and published regularly. On November 16, 1905, a notification to discontinue the publication was sent by the defendant to the plaintiff. The defendant has not paid the monthly installments due for said advertisement, and plaintiff sued to recover the same. The defense is an alleged parol agreement, making the written contract subject to the condition that no other mineral waters were to be advertised by plaintiff. Over plaintiff's objection and exception defendant's officers were allowed to testify to an alleged parol agreement between them and said Lefkowitz by which, in consideration of the signing by defendant of the contract of advertising, Lefkowitz promised that plaintiff would not advertise any other mineral waters than those of defendant. When asked why this alleged parol agreement was not put into the written contract, defendant's officers said they did not think it necessary, and that they did not observe the words on the written instrument:

"No agreement or statement recognized that is not set forth in writing in this contract."

These words are in print at the bottom of the paper, and are quite observable and easily read. It is conceded that plaintiff did advertise other waters. The said Lefkowitz was called as a witness for plaintiff, and denied squarely any such parol agreement. He further stated that there were other advertisements of mineral waters in the copy of the paper which he showed to defendant's officers on September 14th, and that he pointed them out to the said officers as samples of such advertising. It seems to us that the written contract was, upon its face, a clear, complete, and entire undertaking, and was intended so to be by the parties. Parol evidence of any alleged prior or contemporaneous agreement was inadmissible. We are of opinion that there is no competent evidence to sustain the conclusion reached by the learned trial justice.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.